

FILED

SEP 1 3 2016

Clerk, U S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| WAYNE ALLEN HIXON,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD, ATTORNEY GENERAL OF THE STATE OF MONTANA, et. al.,<br><br>Respondent. | Cause No. CV 16-97-M-DLC-JCL<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

This case comes before the Court on Petitioner Wayne Allen Hixon's application for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). Hixon is a state prisoner proceeding pro se.

On August 17, 2016, Hixon was ordered to show cause as to why his petition should not be dismissed as time-barred. (Doc. 3). Hixon Timely responded. (Doc. 4).

### I. Federal Statute of Limitations

As explained in the Order to Show Cause, this Court has conducted its analysis in relation to the claims Hixon advances in his petition. A one-year limitations period applies to petitions filed by state prisoners under 28 U.S.C. § 2254. *See,* 28 U.S.C. § 2244. Absent a reason to apply one of the other "trigger"

1

dates in 28 U.S.C. § 2244(d)(1), Hixon's federal petition had to be filed within one year of the date his conviction became final. 28 U.S.C. § 2244(d)(1)(A). Hixon did file a timely notice of appeal; his convictions were affirmed on November 3, 2008, and his petition for rehearing was denied on December 10, 2008. Hixon's judgment of conviction became final, and the one-year period began to run, upon expiration of the ninety-day time period allowed for seeking certiorari review in the United States Supreme Court. Therefore, Hixon's conviction became final on Tuesday, March 10, 2009.

On October 15, 2009, Hixon filed his petition for post-conviction relief in the trial court. Federal time is tolled while a state prisoner has a "properly filed application for State postconviction or other collateral review" pending in state court. 28 U.S.C. § 2244(d)(2). With the filing of his post-conviction petition, Hixon's federal time was tolled, but 220 days had passed, leaving 145 days remaining on Hixon's federal time clock. Hixon's postconviction petition was denied and on appeal the Montana Supreme Court affirmed the trial court's denial. The Montana Supreme Court's decision was issued on June 14, 2011, which is the date on which Hixon's federal clock began to again run. Thus, Hixon was required to file his federal petition on or before Monday, November 7, 2011. But, Hixon's federal habeas petition was not filed until July 18, 2016, nearly five years after the federal filing period had elapsed.

Hixon was directed to show cause why his petition should not be dismissed with prejudice as time-barred and was advised as to how he might make this showing. (Doc. 3 at 8). Hixon responds that he has "new evidence to prove that, more likely than not, no reasonable fact-finder could find him guilty beyond a reasonable doubt." (Doc. 4 at 1). But Hixon failed to explain what this new evidence is.

Hixon also asserts his intent to expand his fifth claim for relief, i.e. that he was denied a grand jury and/or preliminary hearing in violation of the 5th Amendment. *Id.* Hixon seems to believe that the Federal Rules of Criminal Procedure should have applied to his case and that, because he was charged by information and not by a grand jury indictment, the state courts lacked subject matter and personal jurisdiction over him. *Id.* at 1-2.

Although it is unclear what exactly the new evidence is upon which Hixon relies, he seems to believe that it would constitute a sufficient basis for him to establish his actual innocence and allow him to present his time-barred claims to this Court via the gateway created by *Schlup v. Delo*, 513 U.S. 298 (1995) and *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013). In order to make the requisite threshold showing, Hixon must persuade this Court, "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin*, 133 S. Ct. at 1928, citing *Schlup*, 513 U.S. at 329.

By not even stating what his new evidence is, Hixon cannot meet this threshold.

If the new evidence Hixon seeks to rely upon is simply his argument that the state court lacked subject matter jurisdiction due to a purported flaw in their charging process that argument also fails. The Fifth Amendment Grand Jury Clause, which guarantees indictment by grand jury in federal prosecutions, was not incorporated by the Fourteenth Amendment to apply to the states. See, *Branzburg v. Hayes,* 408 U.S. 665, 687-88 n. 25 (1972) (noting that "indictment by grand jury is not part of the due process of law guaranteed to state criminal defendants by the Fourteenth Amendment"); *Hurtado v. California,* 110 U.S. 516, 535 (holding that the Fourteenth Amendment did not incorporate the Fifth Amendment right to a grand jury); see also, *Rose v. Mitchell*, 443 U.S. 545, 557 n. 7 (1979); *Gerstein v. Pugh*, 420 U.S. 103, 118-119 (1975); *Alexander v. Louisiana*, 405 U.S. 625, 633 (1972); *Beck v. Washington*, 369 U.S. 541, 545 (1962); *Gaines v. Washington*, 227 U.S. 81, 86 (1928). Hixon was not entitled to an indictment by a grand jury.

Moreover, Montana's specific constitutional and statutory provisions define a district court's jurisdiction and delineate the four procedural vehicles available to commence a state prosecution. Indeed one of these vehicles is an indictment by a grand jury, but the procedure is not exclusive. Mont. Const. art. II, § 20(1) and art. VII, §4(1); Mont. Code Ann. §§ 3-5-301(1), -302(1)(a), and 46-11-101(1)-(4). "The district court has original jurisdiction in all criminal cases amounting to

4

felony..." Mont. Const. art. VII, § 4(1). Hixon's argument relative to Montana's criminal charging process and the trial court's lack of jurisdiction is frivolous.

The information Hixon presents in his response to the order to show cause does not establish his actual innocence or serve to excuse his untimely filing.

## II. Conclusion

Hixon's claims are untimely and his failure to comply with the federal limitations period cannot be excused. Hixon's petition should be dismissed as time-barred.

## III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct.

641, 648 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

None of the claims advanced by Hixon appear to make a substantial showing that he was deprived of a constitutional right. A certificate of appealability should be denied because the petition is time-barred by nearly five years and no reasonable jurist would find his claims timely; thus, there is no basis to encourage further proceedings.

## RECOMMENDATION

1. Mr. Hixon's Petition (Doc. 1) should be DISMISSED WITH PREJUDICE as time-barred without excuse.

2. The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Hixon may object to this Findings and Recommendation within 14 days.[1] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Hixon must immediately notify the Court of any change in his mailing</u>

---

[1] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.

address by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 13th day of September, 2016.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge